IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| SQRL AVIATION, LLC, | ) |
|   Plaintiff/Counter-Defendant, | ) |
| v. | ) |
| JB&B CAPITAL, LLC, | ) Civil Action No. 4:25-cv-39-BRW |
|   Defendant/Counter-Plaintiff/Third-Party Plaintiff, | ) |
| v. | ) |
| SQRL HOLDINGS, LLC, and JOSEPH B. SMITH, individually, | ) |
|   Third-Party Defendants. | ) |

**DEFENDANT JB&B CAPITAL, LLC'S VERIFIED ANSWER AND AFFIRMATIVE DEFENSES, COUNTERCLAIM, AND THIRD-PARTY COMPLAINT**

Defendant/Counter-Plaintiff/Third-Party Plaintiff JB&B Capital, LLC ("JB&B" or "Defendant"), by and through undersigned counsel, and for its Verified Answer and Affirmative Defenses to the Complaint and Motion for Injunction ("Complaint) of Plaintiff SQRL Aviation, LLC ("SQRL Aviation" or "Plaintiff"), denies each and every allegation of the Complaint except as expressly or otherwise responded to herein. In response to each of the paragraphs of the Complaint using the same paragraph numbers used therein, JB&B states as follows:

**OVERVIEW**

1.   Admitted that Plaintiff has brought this action. Denied that any efforts to seek repayment of the Loan were unlawful and that the Loan is usurious. The exhibits attached to the Complaint speak for themselves.

1

2. Admitted that Plaintiff seeks the relief specified in Paragraph 2 and subparagraphs A-F. Denied that Plaintiff is entitled to any of the relief sought therein.

## PARTIES

3. Admitted.

4. Admitted.

## FACTS

5. JB&B lacks sufficient information or belief to admit or deny the allegations in Paragraph 5 of the Complaint and therefore denies the same.

6. The Loan Agreement and Promissory Note attached to the Complaint as Exhibits 1 and 2 speak for themselves. To the extent the allegations of Paragraph 6 of the Complaint differ from the contents of the Loan Agreement and Promissory Note, the allegations are denied.

7. The Promissory Note attached as Exhibit 2 to the Complaint speaks for itself. The remaining allegations of paragraph 7 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, denied.

8. The allegations of paragraph 8 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, denied.

9. Admitted that JB&B is a commercial lender. The remaining allegations of paragraph 9 of the Complaint are denied.

10. JB&B denies that any effort it took to lawfully exercise its right under the Note and other Loan Documents constitute a "threat" or were otherwise unlawful or impermissible. JB&B further states that it lawfully provided Notice of Default and Repossession Letters dated January 6, 2025, January 8, 2025, and January 15, 2025, respectively (collectively the "Demand Letters")

to Plaintiff.  True and correct copies of the Demand Letters are attached to this pleading as **Exhibit F**.

11. Denied. JB&B further states that Plaintiff signed that certain Security Agreement dated January 3, 2024 ("Security Agreement"), pursuant to which Plaintiff granted JB&B a security interest in the Raytheon Aircraft Model 390, bearing serial number RB-005 (the "Aircraft").  A true and correct copy of the Security Agreement is attached to this pleading as **Exhibit C**.

12. Admitted.  JB&B further states that Plaintiff is in default of the Loan.

13. The Loan Agreement and Note speak for themselves.  To the extent that the allegations of paragraph 13 differ from the content of the Loan Agreement and Note, denied.

14. Denied.

15. JB&B lacks sufficient information or belief to admit or deny the allegations in Paragraph 15 of the Complaint and therefore denies the same.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Admitted as to the first sentence of Paragraph 21.  Denied as to the second sentence of Paragraph 21.

22. Denied.

### COUNT I: Violation of the federal Fair Debt Collection Practices Act (FDCPA)

23. JB&B incorporates by reference all of its responses to the foregoing paragraphs as if repeated verbatim herein.

24. Paragraph 24 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, denied.

25. Denied that JB&B has violated any laws.

26. Paragraph 26 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, denied that Plaintiff has a cause of action under the FDCPA against JB&B.

27. Denied.

28. Denied.

29. Denied.

### COUNT II: Violation of the Arkansas Deceptive Trade Practices Act

30. JB&B incorporates by reference all of its responses to the foregoing paragraphs as if repeated verbatim herein.

31. Paragraph 31 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, denied that Plaintiff has a cause of action under Arkansas law since the loan documents state that Tennessee law applies.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

**COUNT III: Declaratory Judgment as to Illegal Nature of the Loan Based on Usury**

38. JB&B incorporates by reference all of its responses to the foregoing paragraphs as if repeated verbatim herein.

39. The allegations of paragraph 39 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

**COUNT IV: Declaratory Judgment That Defendant Has No Security Interest in the Plane Due to the Lack of Signed Written Security Agreement**

44. JB&B incorporates by reference all of its responses to the foregoing paragraphs as if repeated verbatim herein.

45. Denied as Plaintiff did sign a Security Agreement.

46. Denied.

47. Admitted that JB&B attempted to seize the Plane. Denied that JB&B violated any law in doing so.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

## COUNT V: DECLARATORY JUDGMENT TO DETERMINE THE CORRECT PAYOFF AMOUNT OF THE LOAN

52. JB&B incorporates by reference all of its responses to the foregoing paragraphs as if repeated verbatim herein.

53. Denied.

54. Denied.

55. Denied.

## MOTION FOR TEMPORARY AND PERMANENT INJUNCTION

56. Denied.

57. Denied.

58. Denied.

59. JB&B lacks sufficient information or belief to admit or deny any allegations in the first sentence of Paragraph 59 and therefore denies same. Denied as to the second sentence.

## DEMAND FOR JURY TRIAL

60. Denied. JB&B further states that Plaintiff waived its right to a jury trial under the express terms of the Note and Loan Agreement which Plaintiff executed in JB&B's favor. A true and correct copy of the Loan Agreement is attached to this pleading as **Exhibit A**. Exhibit A, Section 7.02; Exhibit B, ¶ 12.

## AFFIRMATIVE DEFENSES

Having answered the Complaint, JB&B states as follows for its affirmative defenses to the Complaint:

1. Venue in this District is improper because Plaintiff agreed to a forum selection clause, whereby Plaintiff submitted to the exclusive jurisdiction and venue of state and federal courts in Tennessee for claims arising under the Loan Documents.

2. Plaintiff's Complaint should be dismissed due to lack of proper service of process.

3. Plaintiff fails to state a claim for violation of the FDCPA (Count I) because the statute does not apply to a creditor. It applies only to debt collectors, and a creditor is not a debt collector.

4. Plaintiff's claim for violation of the Arkansas Deceptive Trade Practice Act (Count II) fails because all claims arising under the Loan Documents are governed by Tennessee law.

5. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

6. Plaintiff's claim for a declaratory judgment that the Loan is unenforceable against Plaintiff or the Guarantors (Count III) fails because the 10% maximum interest rate in Tenn. Code Ann. § 47-14-103(3) does not apply to JB&B. The "formula rate" set out in Tenn. Code Ann. § 47-14-103(2) applies because JB&B had a written contract with SQRL Aviation. The formula rate permitted up to 12.5% interest at the time JB&B extended a loan to SQRL Aviation.

7. Plaintiff's claim for a declaratory judgment that defendant has no security interest in the plane due to the lack of a signed written security agreement (Count IV) fails because Plaintiff executed and signed the Security Agreement attached hereto as Exhibit C in JB&B's favor.

8. Plaintiff's claim for a declaratory judgment that the Loan is unenforceable fails based on the plain language of the Promissory Note.

9. Plaintiff's claim for a declaratory judgment to determine the correct payoff amount of the loan (Count V) fails because the Loan Agreement and Note specifically allow for acceleration of the amounts owed.

10. Plaintiff's demand for a jury trial fails because Plaintiff waived its right to a jury trial under the express terms of the Loan Agreement and the Promissory Note.

11. Plaintiff's claims for declaratory and injunctive relief fail because Plaintiff has no viable underlying causes of action against JB&B.

## COUNTERCLAIM AND THIRD-PARTY COMPLAINT

Defendant/Counter-Plaintiff/Third-Party Plaintiff JB&B Capital, LLC ("JB&B"), by and through undersigned counsel, asserts the following Counterclaim against Plaintiff/Counter-Defendant SQRL Aviation, LLC ("SQRL Aviation" or "Borrower") and Third-Party Complaint against SQRL Holdings LLC ("SQRL Holdings") and Joseph Blake Smith ("Smith") In support of its Counterclaim and Third-Party Complaint, JB&B states as follows:

## PARTIES

1. SQRL Aviation is a limited liability company organized under the laws of the state of Florida and is comprised of a single member: SQRL Holdings.

2. SQRL Holdings is a limited liability company organized under the laws of the state of Florida and is comprised of two members: Adam Lusthaus and the Joseph Blake Smith Irrevocable Trust u/a/d October 15, 2021 ("Trust"). Adam Lusthaus is a citizen of the state of Florida. The Trustee and sole beneficiary of the Trust is Smith.

3. Smith is a citizen of the state of Arkansas.

4. JB&B is a limited liability company organized under the laws of the state of Tennessee and is comprised of a single member: John P. Mills. John P. Mills is a citizen of the state of Tennessee.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1332.

6. Venue lies in this Court pursuant to 28 U.S.C. §§ 83(a)(2) and 1441(a).

## FACTUAL BACKGROUND

7. On January 3, 2024, JB&B extended a loan in the principal amount of $1,420,000.00 to SQRL Aviation (the "Loan") for the purchase of a Raytheon Aircraft Company Model 390 aircraft bearing serial number RB-005 and United States registration N311SQ ("Aircraft"). The Loan is evidenced by that certain Loan Agreement dated January 3, 2024 ("Loan Agreement"). A true and correct copy of the Loan Agreement is attached hereto as **Exhibit A**.

8. The repayment terms of the Loan are contained in a Promissory Note dated January 3, 2024 ("Note") executed by SQRL Aviation in favor of JB&B. A true and correct copy of the Note is attached hereto as **Exhibit B**.

9. Under the terms of the Note, SQRL Aviation obligated itself for repayment of the Loan through ninety-six (96) consecutive monthly installments of $23,079.00 plus any and all accrued interest, outstanding principal, and any fees or other charges (collectively, "Loan Indebtedness").

10. On January 3, 2024, SQRL Aviation granted JB&B a security interest in the Aircraft to secure payment of the Loan Indebtedness. JB&B's security interest in the Aircraft is evidenced by that certain Security Agreement dated January 3, 2024 ("Security Agreement"), executed by SQRL Aviation. A true and correct copy of the Security Agreement is attached hereto as **Exhibit C**. JB&B's security interest in the Aircraft is further evidenced by that certain UCC-1 Financing Statement filed on January 3, 2024, in the Florida Secured Transaction Registry, file number 202400020890 (the "UCC-1"). A true and correct copy the UCC-1 is attached hereto as **Exhibit D**.

11. On January 3, 2024, SQRL Holdings and Smith (collectively, "Guarantors") absolutely and unconditionally guaranteed payment of all of SQRL Aviation's Loan Indebtedness due and owing to JB&B. Specifically, Guarantors executed those certain Irrevocable Guarantees

in favor of JB&B, dated January 3, 2024. (collectively the "Guaranty Agreements"). True and correct copies of the Guaranty Agreements are attached hereto as **Exhibit E**.

12. The Loan Agreement, Note, Security Agreement, UCC-1, and Guaranty Agreements, together with all other documents evidencing, referring or relating to the Loan, are herein referred to collectively as the "Loan Documents."

13. In accordance with the express terms of the Loan Documents, events of "Default" as defined in the Loan Documents occurred and are continuing under the Loan for failure of SQRL Aviation to keep the Aircraft insured, and for failure to timely make required monthly payments.

14. The Aircraft has not been insured since December 23, 2024, when Old Republic Insurance Company provided SQRL Aviation with that certain Notice of Cancellation of Insurance (the "Insurance Cancellation"). A true and correct copies of the Insurance Cancellation is attached hereto as **Exhibit F**. The Insurance Cancellation stated that the reason for cancellation was SQRL Aviation's failure to pay its insurance premium.

15. Despite the Aircraft not being insured, SQRL Aviation and other parties have conducted numerous flights with the Aircraft since the insurance expired on December 23, 2024. A true and correct copy from FlightAware.com[1] of the list of the flights conducted with the Aircraft is attached hereto as **Exhibit G**. Because SQRL Aviation continues to conduct flights with the Aircraft without insurance, JB&B's interest in the Aircraft is at extreme risk of being destroyed or devalued.

---

[1] FlightAware.com is a digital aviation company and operates the world's largest flight tracking and data platform. The website permits individuals to track an individual aircraft's flights by providing the flight number or tail number of the aircraft. Flights for the Aircraft at issue in the instant action may be accessed by providing the tail number N311SQ.

16. Upon information and belief, SQRL Aviation has relinquished possession and/or leased the Aircraft to other parties to operate the Aircraft without the consent of JB&B in violation of Section 3.1(c) of the Security Agreement.

17. Under the express terms of the Loan Documents, and more specifically, Section 4.2 of the Security Agreement, SQRL Aviation is required to immediately surrender the Aircraft for JB&B's repossession and to cease any and all further operation of the Aircraft.

18. Under the express terms of the Loan Documents, upon occurrence of events of Default, JB&B is entitled to accelerate and declare the entire outstanding balance of the Loan, together with all accrued and unpaid interest thereon, immediately due and payable.

19. In response to the events of Default, JB&B made demand for repossession of the Aircraft and payment of the outstanding Loan Indebtedness owed on the Loan by providing SQRL Aviation and the Guarantors with those certain Notice of Default and Repossession Letters dated January 6, 2025, January 8, 2025, and January 15, 2025, respectively (collectively the "Demand Letters"). True and correct copies of the Demand Letters are attached hereto as **Exhibit H**.

20. On January 7, 2025, FedEx informed JB&B that the January 6, 2025 Notice of Default and Repossession was undelivered because Borrower had closed or abandoned its office.

21. Although demand was made, SQRL Aviation has failed to surrender the Aircraft for JB&B's repossession or pay the outstanding Loan Indebtedness owed on the Loan.

22. Although demand was made, the Guarantors have failed to pay the outstanding Loan Indebtedness owed on the Loan.

23. In addition to failure to pay the amounts owed under the Loan, SQRL Aviation has failed to maintain insurance on the Aircraft. Furthermore, and despite its failure to maintain insurance and despite JB&B's demand to relinquish the Aircraft, SQRL Aviation continues to fly

11

the Aircraft and allow third parties to fly the Aircraft. Furthermore, based on e-mail correspondence sent by its counsel, SQRL Aviation intends to fly the Aircraft to Mexico. This is in direct violation of the Loan Documents.

24. As of January 15, 2025, the balance due on the Loan was $1,961,715.00. Interest continues to accrue.

25. Pursuant to the terms of the Loan Documents, JB&B and the Guarantors are each obligated for the entire outstanding Loan Indebtedness owed on the Loan, plus accruing interest, post judgment interest, collection costs, attorneys' fees and the costs of this action.

### COUNT I: BREACH OF CONTRACT
### (SQRL Aviation, LLC)

26. The allegations of the foregoing paragraphs are adopted by reference as if realleged and repeated verbatim.

27. On January 3, 2024, SQRL Aviation executed the Loan Agreement, Note, and Security Agreement in JB&B's favor and agreed to keep the Aircraft insured and to timely make required monthly payments.

28. The failure of SQRL Aviation to keep the Aircraft insured and to timely make required monthly payments as required by the Loan Documents is a default thereunder, and, as a result, SQRL Aviation has breached its contract with JB&B.

29. As of January 15, 2025, the balance due on the Loan was $1,961,715.00. Interest continues to accrue at a default rate of 18.00% per annum or the maximum interest rate permitted by applicable law.

30. Pursuant to the terms of the Loan Documents, SQRL Aviation is obligated for the entire outstanding indebtedness owed under the Loan Documents, plus costs of collection and

expenses including post judgment interest, collection costs, attorneys' fees and the costs of this action.

31. Accordingly, JB&B seeks a judgment for breach of contract against SQRL Aviation in the amount of $1,961,715.00, plus accruing interest, post-judgment interest, collection costs, attorneys' fees, and the costs of this action.

## COUNT II: BREACH OF GUARANTY
### (SQRL Holdings, LLC, and Joseph Smith, Individually)

32. The allegations of the foregoing paragraphs are adopted by reference as if realleged and repeated verbatim.

33. On January 3, 2024, the Guarantors executed the Guaranty Agreements in JB&B's favor, wherein the Guarantors absolutely and unconditionally guaranteed payment of all of the SQRL's Loan Indebtedness due and owing to JB&B.

34. SQRL Aviation is in default under the terms of the Loan Documents for, *inter alia*, failure to keep the Aircraft insured and failure to timely make required monthly payments.

35. The Guarantors are unconditionally and absolutely liable for the outstanding Loan Indebtedness due under the Loan Documents pursuant to the terms of the Guaranty Agreements, which the Guarantors executed in JB&B's favor.

36. JB&B has made demand on the SQRL Holdings for payment of the outstanding Loan Indebtedness due under the Loan Documents.

37. JB&B has made demand on Smith for payment of the outstanding Loan Indebtedness due under the Loan Documents.

38. The Guarantors have failed to pay the outstanding Loan Indebtedness owed to JB&B.

39. The Guarantors' failure to pay the outstanding Loan Indebtedness constitutes a breach of contract.

40. Accordingly, JB&B seeks a judgment for breach of contract against the Guarantors in the amount of $1,961,715.00, plus accruing interest, post-judgment interest, collection costs, attorneys' fees, and the costs of this action.

### COUNT III: TEMPORARY RESTRAINING ORDER
**(Counter-Defendant and Third-Party Defendants)**

41. The allegations of the foregoing paragraphs are adopted by reference as if realleged and repeated verbatim.

42. Pursuant to the Security Agreement, SQRL Aviation granted JB&B a security interest in the Aircraft to secure payment of the Loan Indebtedness.

43. SQRL Aviation and Guarantors have defaulted under the provisions of the Loan Documents and placed JB&B's interest in the subject collateral, the Aircraft, in jeopardy.

44. Specifically, SQRL Aviation has continued, or permitted others to continue, to operate the uninsured Aircraft, causing extreme risk that JB&B's interest in the Aircraft pursuant to the Security Agreement will be destroyed or, at minimum, diminished.

45. SQRL Aviation has also violated the Security Agreement by renting, leasing, or otherwise relinquishing possession to other parties to operate the Aircraft without consent from JB&B and without insurance coverage.

46. Pursuant to the terms of the Loan Documents and applicable federal law, and as a result of SQRL Aviation and Guarantors' current and existing defaults under the Loan Documents, JB&B is entitled to issuance of a temporary restraining order to preserve and protect its interest in the Aircraft.

47. Not only is SQRL Aviation unable or unwilling to insure the Aircraft, but SQRL Aviation continues to fly the Aircraft and intends to fly the Aircraft to Mexico.

48. Therefore, in addition to the rights granted JB&B under the Loan Documents, the equities dictate that JB&B be granted a temporary restraining order prohibiting SQRL Aviation, Guarantors, and any of the their associates, agents, or employees from (i) operating, mobilizing, transporting, moving, transferring, selling, converting, assigning, or otherwise disposing of the Aircraft or any part of the Aircraft including the Airframe, Parts, Engines and their components and attachments, (ii) removing, altering and destroying any part of the Aircraft including the Airframe, Parts, Engines and their components and attachments, and (iii) altering and destroying any manuals, books, accounts, or records relating to the Aircraft.

49. JB&B will suffer immediate and irreparable injury, loss, and damage unless SQRL Aviation and Guarantor are restrained as requested herein.

50. Moreover, JB&B is likely to prevail on the merits of this Counterclaim and Third-Party Complaint and the balance of equities favors entry of a temporary restraining order.

51. Unless such equitable relief is granted by the Court, the injuries, losses, and damages to JB&B cannot be remedied by money damages alone. Upon information and belief, SQRL Aviation does not have the financial wherewithal to repay the Loan Indebtedness, and JB&B's only recourse is the collateral for the Loan, *i.e.,* the Aircraft.

52. Because JB&B has no adequate remedy at law and there is a substantial likelihood that it will prevail on the merits of this Complaint, the temporary restraining order sought herein is appropriate and should be granted.

**COUNT IV: PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF**
**(Counter-Defendant and Third-Party Defendants)**

53. The allegations of the foregoing paragraphs are adopted by reference as if realleged and repeated verbatim.

54. Pursuant to the Security Agreement, SQRL Aviation granted JB&B a security interest in the Aircraft to secure payment of the Loan Indebtedness.

55. SQRL Aviation has put JB&B's interest in the Aircraft in jeopardy by continuing to operate the Aircraft, or permitting others to do so, without insurance on numerous occasions.

56. SQRL Aviation has also violated the Security Agreement by renting, leasing, or otherwise relinquishing possession to other parties to operate the Aircraft without consent from JB&B.

57. Because SQRL Aviation and Guarantors have defaulted under the provisions of the Loan Documents and placed JB&B's interest in the subject collateral, the Aircraft, in jeopardy., JB&B has a good faith basis for being gravely concerned about the protection and preservation of the Aircraft.

58. Absent entry of a preliminary injunction restraining and enjoining SQRL Aviation and Guarantors from operating, mobilizing, moving, transporting, transferring, selling, converting, assigning, or otherwise disposing of the Aircraft, JB&B reasonably believes that the Aircraft, may be transferred, disposed, wasted, expended, converted, and destroyed in violation of the Loan Documents, thereby causing irreparable harm to JB&B.

59. As evidenced in the aforementioned factual allegations, JB&B is likely to prevail on the merits of this action.

60. JB&B has sustained and will continue to sustain immediate and irreparable injury as a result of SQRL Aviation and Guarantors' actions.

61. With respect to such conduct by SQRL Aviation, JB&B has no adequate remedy at law.

62. The balance of the equities favors the issuance of a preliminary injunction in favor of JB&B.

63. Accordingly, JB&B requests this Court enter a preliminary injunction: (i) prohibiting SQRL Aviation, Guarantors, and any of their associates, agents, or employees from operating, mobilizing, moving. transporting, transferring, selling, converting, assigning, or otherwise disposing of the Aircraft or any part of the Aircraft including the Airframe, Parts, Engines and their components and attachments, (ii) prohibiting SQRL Aviation, Guarantors, and any of their associates, agents or employees from removing, altering and/or destroying any part of the Aircraft including the Airframe, Parts, Engines and their components and attachments, (iii) directing SQRL Aviation and Guarantors to immediately surrender possession of the Aircraft; and (iv) directing SQRL Aviation and Guarantors to immediately turnover all manuals, books, records, and accounts affecting the Aircraft.

64. Upon hearing, JB&B requests that the Court issue a permanent injunction prohibiting SQRL Aviation and Guarantors from operating, transferring, converting, or disposing of the Aircraft and directing SQRL Aviation to surrender possession of the Aircraft.

**WHEREFORE, PREMISES CONSIDERED**, Defendant/Counter-Plaintiff/Third-Party Plaintiff JB&B Capital, LLC, prays that the Court:

a) Grant a judgment in favor of JB&B Capital, LLC, and against Plaintiff/Counter-Defendant, SQRL Aviation, LLC, in the amount of at least $1,961,715.00, plus accruing pre-judgment interest, post judgment interest, collection costs, attorneys' fees and the cost of this action;

b) Grant a judgment in favor of JB&B Capital, LLC, and against Third-Party Defendants, SQRL Holdings, LLC, and Joseph B. Smith in the amount of at least $1,961,715.00, plus accruing pre-judgment interest, post judgment interest, collection costs, attorneys' fees and the cost of this action;

c) Grant a judgment in favor of JB&B Capital, LLC, for specific performance, requiring Plaintiff/Counter-Defendant, SQRL Aviation, LLC to surrender for repossession the Raytheon Aircraft Company Model 390 aircraft bearing serial number RB-005 and United States registration N311SQ described herein;

d) Enter a temporary restraining order prohibiting SQRL Aviation, Guarantors, and any of their associates, agents, or employees from operating, transferring, moving, or otherwise disposing of the Aircraft;

e) Enter a preliminary and permanent injunction prohibiting SQRL Aviation, Guarantors, and any of their associates, agents, or employees from operating, transferring, moving, converting, or disposing of the Aircraft and directing SQRL Aviation to surrender possession of the Aircraft to JB&B;

f) Grant JB&B Capital, LLC, such other and further relief, both general and specific, to which this Court may find it is entitled under the premises.

Dated: January 31, 2025.

    Respectfully submitted,

    Robert F. Tom (Ark. #2013026)
    Eliza A. Jones (Tenn. # 38628)
    BAKER, DONELSON, BEARMAN,
     CALDWELL & BERKOWITZ, P.C.
    165 Madison Avenue, Suite 2000
    Memphis, Tennessee  38103
    Telephone: 901.526.2000
    Facsimile: 901.577.0845

> rtom@bakerdonelson.com
> ejones@bakerdonelson.com
> ***Counsel for JB&B Capital, LLC***

## CERTIFICATE OF SERVICE

 I hereby certify that on this 31st day of January, 2025, a true and correct copy of the foregoing was filed using the CM/ECF system which will send electronic notice to the following counsel of record:

Clinton W. Lancaster, Esq.
LANCASTER LAW FIRM, PLLC
P.O. Box 1295
Benton, AR 72018

            */s/ Robert F. Tom*

## VERIFICATION

I, Tyler Meyerriecks, Sales and Account Manager of JB&B Capital, LLC ("JB&B"), verify that I am an adult citizen competent to testify to the matters stated herein, that I have read the foregoing Counterclaim and Third-Party Complaint and have examined the documents attached as Exhibits thereto, and that, based upon my personal knowledge of the facts stated therein and upon my review of the records of JB&B that were kept as a regular practice of JB&B in the course of JB&B's regularly conducted business activity and that were made at or near the time of the occurrence of the matters set forth, the facts stated in the Counterclaim and Third-Party Complaint are true, and the documents attached as Exhibits are accurate copies of the records of the regularly conducted activity of JB&B.

Tyler Meyerriecks
JB&B Capital, LLC