# IRREVOCABLE GUARANTY

THIS IRREVOCABLE GUARANTY (this "Guaranty") is executed and delivered by SQRL Holdings, LLC (the "Guarantor") in favor of JB&B Capital, LLC, its successors and assigns ("Lender"), in connection with that certain Aircraft Mortgage and Security Agreement of even date herewith by and between Lender and SQRL Aviation, LLC ("Borrower"), and the other Loan Documents (as defined in the Loan Agreement of even date herewith between Borrower and Lender), pursuant to which Borrower has borrowed or is to borrow certain funds from Lender relating to the refinancing of the following aircraft: one (1) Raytheon Model 390 aircraft bearing U.S. registration number N311SQ and manufacturer's serial number RB-005; which indebtedness is or is to be evidenced by a Promissory Note executed by Borrower (the Loan Agreement, the Promissory Note, the Aircraft Mortgage and Security Agreement and all other documents simultaneously herewith or hereafter executed pursuant thereto being herein collectively referred to as the "Loan Documents").  The right of recovery against the Guarantor is UNLIMITED.

Capitalized terms used but not otherwise defined herein or in any addenda hereto shall have the meanings ascribed to them in the Loan Documents.

In order to induce Lender to enter into the Loan Documents (execution and delivery hereof being a condition precedent to Lender's obligations under the Loan Documents), and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Guarantor hereby UNCONDITIONALLY GUARANTEES:

(a)  the prompt payment of all principal of and interest on the Promissory Note issued pursuant to the Loan Documents when due, whether by acceleration or otherwise;

(b)  the prompt performance by Borrower, and Guarantor of all of his, her or its covenants and agreements in the Loan Documents; and

(c)  the prompt payment at maturity by Borrower and Guarantor of any and all sums of money for which Borrower or any other party now is or may hereafter become indebted to Lender under any of the Loan Documents (collectively, the "Indebtedness").  The word "Indebtedness" as used in this Guaranty shall mean all of the principal amount outstanding from time to time and at any one or more times, accrued unpaid interest thereon, and all collection costs and legal expenses related thereto permitted by law, and reasonable attorneys' fees and expenses arising from any and all debts, liabilities and obligations of every nature or form, now existing or hereafter arising or acquired, that Borrower individually or collectively or interchangeably with others (including but not limited to the Guarantor), owes or will owe Lender under the Loan Documents.  "Indebtedness" also includes, without limitation, loans, advances (including, but not limited to, protective advances made by Lender), debts,  lease obligations, liabilities and obligations under any interest rate protection agreements or foreign currency exchange agreements or commodity price protection agreements, other obligations and liabilities of Borrower, or any one or more of them, under or related to the Loan Documents, and any present or future judgments against Borrower, or any one or more of them, relative to the Loan Documents, future advances, loans or transactions that renew, extend, modify, refinance,

EXHIBIT E

consolidate or substitute these debts, liabilities and obligations whether voluntarily or involuntarily incurred; due or to become due by their terms or acceleration; absolute or contingent; liquidated or unliquidated; determined or undetermined; direct or indirect; primary or secondary in nature or arising from a guaranty or surety; secured or unsecured; joint or several or joint and several; evidenced by a negotiable or non-negotiable instrument or writing; originated by Lender and related to the Loan Documents; barred or unenforceable against Borrower for any reason whatsoever; for any transactions that may be voidable for any reason (such as infancy, insanity, ultra vires or otherwise); and originated then reduced or extinguished and then afterwards increased or reinstated.  The definition of "Indebtedness" shall also include the amount of any payments made to Lender on behalf of Borrower (including payments resulting from liquidation of collateral) which are recovered from Lender by a trustee, receiver, creditor or other party pursuant to applicable federal or state law (the "Surrendered Payments"). "Indebtedness" shall also include any and all indebtedness, obligations and liabilities of every kind and nature, however created, arising or evidenced, of the Borrower to the Lender, whether now existing or hereafter created or arising, whether direct or indirect, absolute or contingent, joint or several, and howsoever owned, held or acquired, whether through discount, overdraft, purchase, direct loan or as collateral, or otherwise, together with all expenses, legal and/or otherwise (including court costs and attorney's fees) incurred by the Lender in collecting or endeavoring to collect such indebtedness or any part thereof, in protecting any collateral, and in enforcing this Guaranty.  In the event that Lender makes any Surrendered Payments (including pursuant to a negotiated settlement), the Surrendered Payments shall immediately be reinstated as Indebtedness, regardless of whether Lender has surrendered or cancelled this Guaranty prior to returning the Surrendered Payments.

1. This Guaranty is a continuing and irrevocable one and shall terminate only upon full payment of all sums due under the Loan Documents and the performance of all of the terms, covenants and conditions therein required to be kept, observed or performed by Borrower, including any payment and performance under the Promissory Note executed pursuant to the Loan Documents, whether to be performed before or after the last payment has been made under the Loan Documents. This Guaranty is a guaranty of prompt payment and performance (and not merely a guaranty of collection).

2. Guarantor waives any right to require Lender to: (a) proceed against Borrower; (b) proceed against or exhaust any security held from Borrower; (c) pursue any other remedy in Lender's power whatsoever; or (d) notify Guarantor of any default by Borrower in the payment of any sums required to be paid pursuant to the Loan Documents or in the performance of any term, covenant or condition therein required to be kept, observed or performed by Borrower. Guarantor waives any defense arising by reason of any disability or other defense of Borrower, any lack of authority of Borrower with respect to the Loan Documents, the invalidity, illegality or lack of enforceability of the Loan Documents from any cause whatsoever, the failure of Lender to perfect or maintain perfection of any interest in any collateral, or the cessation from any cause whatsoever of the liability of Borrower.  This Guaranty and Guarantor's payment obligations hereunder shall continue to be effective or be reinstated, as the case may be, if at any time payment of any of the Indebtedness is rescinded or must otherwise be restored or returned by Lender, all as though such payment had not been made.  Lender's good faith determination as to whether a payment must be restored or returned shall be binding on Guarantor.  Guarantor

agrees that the Indebtedness, whether now existing or hereafter created, shall be superior to any claim that Guarantor may now have or hereafter acquire against Borrower, whether or not Borrower becomes insolvent. Guarantor hereby expressly subordinates any claim Guarantor may have against Borrower, upon any account whatsoever, to any claim that Lender may now or hereafter have against Borrower. In the event of insolvency and consequent liquidation of the assets of Borrower, through bankruptcy, by an assignment for the benefit of creditors, by voluntary liquidation, or otherwise, the assets of Borrower applicable to the payment of the claims of both Lender and Guarantor shall be paid to Lender and shall be first applied by Lender to the Indebtedness. Guarantor does hereby assign to Lender all claims which it may have or acquire against Borrower or against any assignee or trustee in bankruptcy of Borrower; provided however, that such assignment shall be effective only for the purpose of assuring to Lender full payment in legal tender of the Indebtedness. If Lender so requests, any notes or credit agreements now or hereafter evidencing any debts or obligations of Borrower to Guarantor shall be marked with a legend that the same are subject to this Guaranty and shall be delivered to Lender. Guarantor agrees, and Lender is hereby authorized, in the name of Guarantor, from time to time to file financing statements and continuation statements and to execute documents and to take such other actions as Lender deems necessary or appropriate to perfect, preserve and enforce its rights under this Guaranty.

Notwithstanding any payment or performance by Guarantor pursuant to this Guaranty, Guarantor shall not be entitled to be subrogated to any rights of Lender against Borrower or any other guarantor of the Indebtedness prior to the time at which the Indebtedness is repaid and performed in full and all periods under applicable bankruptcy law for the contest of any payment by Guarantor or Borrower as a preferential or fraudulent payment have expired, and Guarantor knowingly and with the advice of counsel waives and releases all rights and claims to indemnification, reimbursement and contribution Guarantor now has or at any time hereafter may have against Borrower or Borrower's estate prior to the time at which the Indebtedness is repaid and performed in full and all periods under applicable bankruptcy law for the contest of any payment by Guarantor or Borrower as a preferential or fraudulent payment have expired, including, without limitation, any rights which may allow Borrower, Borrower's successors, a creditor of Borrower, or a trustee in bankruptcy of Borrower to claim in bankruptcy or any other similar proceedings that any payment made by Borrower or Borrower's successors and assigns to Lender was on behalf of or for the benefit of Guarantor and that such payment is recoverable by Borrower, a creditor or trustee in bankruptcy of Borrower as a preferential payment, fraudulent conveyance, payment of an insider or any other classification of payment which may otherwise be recoverable from Lender. Guarantor waives all presentments, demands for performance, notices of non-performance, protests, notices of dishonor, and notices of acceptance of this Guaranty.

    3.    Guarantor represents and warrants to Lender that:

        (a)    Guarantor is a Florida limited liability company in good standing.

        (b)    Guarantor's membership interests are validly issued for adequate consideration and are not subject to any lien or encumbrances.

(c) Guarantor has the authority to execute, deliver, and carry out the terms and provision of this Guaranty.

(d) The execution, delivery and performance hereof by Guarantor do not and will not contravene any law, governmental rule, regulation or order now binding on Guarantor, or contravene the provisions of, or constitute a default under, or result in the creation of any lien or encumbrance upon the property of Guarantor under, any indenture, mortgage, contract or other agreement to which Guarantor is a party or by which it or its property is bound.

(e) The financial statements and other financial information of Guarantor (copies of which have been furnished to Lender) fairly present Guarantor's financial condition as of the date of such statements, and since the date of such statements there has been no material adverse change in such condition.

(f) This Guaranty constitutes the legal, valid and binding obligation of Guarantor, (if more than one, jointly and severally) enforceable against Guarantor in accordance with the terms hereof, except to the extent that enforcement may be limited by any applicable bankruptcy, insolvency, reorganization, moratorium or other similar laws affecting creditors' rights generally and subject to the application or limitation of equitable principles by a court of competent jurisdiction.

(g) There are no pending actions or proceedings to which Guarantor is a party, and there are no other pending or threatened actions or proceedings of which Guarantor has knowledge, before any court, arbitrator or administrative agency, which, either individually or in the aggregate, would have a Material Adverse Effect.  As used herein, "Material Adverse Effect" shall mean (1) a materially adverse effect on the business, condition (financial or otherwise), operations, performance or properties of Guarantor, or (2) a material impairment of the ability of Guarantor to perform its obligations under or to remain in compliance with this Guaranty.

(h) Guarantor acknowledges and agrees that it will enjoy a substantial economic benefit by virtue of the extension of credit by Lender to Borrower pursuant to the Loan Documents that are reasonably equivalent to the contingent guaranteed obligations hereunder.

(i) As of the date hereof, and after giving effect to this Guaranty, the benefits of the transactions, and the contingent obligations contained herein, (1) Guarantor is solvent and has assets that, when fairly valued, exceed its liabilities, (2) the present fair saleable value of Guarantor's assets is not less than the amount that will be required to pay its probable liability on his/her/its debts as they become absolute and matured, (3) Guarantor does not intend to, and does not believe that it will, incur debts or liabilities beyond its ability to pay as such debts and liabilities mature, (4) there is no intent to hinder, delay or defraud either present or future creditors or other interested persons, and (5) Guarantor is not engaged in a business or transaction, and is not about to engage in a

business or transaction, for which its property would constitute an unreasonably small capital amount.

4.      Guarantor covenants and agrees that it will provide to Lender the financial statements specified in the Loan Agreement.

5.      A default shall be deemed to have occurred hereunder ("Event of Default") if: (a) Guarantor shall fail to perform or observe any covenant, condition or agreement to be performed or observed by him hereunder; (b) a payment or other default by Guarantor shall occur under any loan, lease, guaranty or other financial obligation to Lender or its affiliates; (c) an inaccuracy shall exist in any representation, or breach of warranty by Guarantor (including any false or misleading representation or warranty) in any financial statement or Loan Document, including any omission of any contingent or unliquidated liability or claim against Guarantor; (d) the failure by Guarantor generally to pay its debts as they become due or its admission in writing of its inability to pay the same, or the commencement of any bankruptcy, insolvency, receivership or similar proceeding by or against Guarantor or any of its properties or business (unless, if involuntary, the proceeding is dismissed within sixty (60) days of the filing thereof) or the rejection of this Guaranty or any other Loan Document in any such proceeding; (e) Guarantor shall sell, transfer, or otherwise dispose of all or substantially all of its assets or property; (f) the occurrence of an Event of Default (as defined in the Loan Documents) with respect to Borrower, or any Guarantor under the Loan Documents, including, without limitation, by reason of a "change of control" with respect to Borrower or any guarantor in violation of the Loan Agreement; or (g) the Guarantor shall be dissolved.

Upon an Event of Default hereunder, Lender may, at its option, declare this Guaranty to be in default (without election of remedies), and at any time thereafter, may do any one or more of the following, all of which are hereby authorized by Guarantor:

A.      declare the Loan Documents to be in default and thereafter sue for and recover all liquidated damages, accelerated payments and/or other sums otherwise recoverable from Borrower thereunder; and/or

B.      sue for and recover all damages then or thereafter incurred by Lender as a result of such Event of Default; and/or

C.      seek specific performance of Guarantor's obligations hereunder.

In addition, Guarantor shall be liable for all reasonable attorneys' fees and other costs and expenses incurred by reason of any Event of Default or the exercise of Lender's remedies hereunder and/or under the Loan Documents. No right or remedy referred to in this Section is intended to be exclusive, but each shall be cumulative, and shall be in addition to any other remedy referred to above or otherwise available at law or in equity and may be exercised concurrently or separately from time to time.

The failure of Lender to exercise the rights granted hereunder upon any Event of Default by Guarantor shall not constitute a waiver of any such right upon the continuation or reoccurrence of any such Event of Default.

The obligations of Guarantor hereunder are independent of the obligations of Borrower. A separate action or actions may be brought and prosecuted against Guarantor (or, if more than one, any or either thereof) whether an action is brought against Borrower or whether Borrower be joined in any such action or actions.

6. Any legal action or proceeding against Guarantor with respect to this Guaranty or any other Loan Documents to which it is a party may be brought in such of the courts of competent jurisdiction of the State of Tennessee or in the United States District Court located in Knoxville, Tennessee as Lender or its respective successors and permitted assigns, as the case may be, may elect, and by execution and delivery of this Guaranty and the Loan Documents to which it is a party, Guarantor irrevocably submits to the exclusive jurisdiction of such courts, and to appellate courts therefrom, for purposes of legal actions and proceedings under this Guaranty and each Loan Document and, in the case of any such legal action or proceeding brought in the above-named Tennessee courts, hereby irrevocably consents, during such time, to the service of process out of any of the aforementioned courts in any such action or proceeding by the mailing of copies thereof by certified or registered mail, postage prepaid, to Guarantor at its address set forth above, or by any other means permitted by applicable law. The foregoing, however, shall not limit the rights of Lender to serve process in any other manner permitted by law or to bring any legal action or proceeding or to obtain execution of judgment in any jurisdiction. Guarantor further agrees that final judgment against Guarantor in any action or proceeding in connection with this Guaranty or any other Loan Documents to which it is a party shall be conclusive and may be enforced in any other jurisdiction within or outside the United States of America by suit on the judgment, a certified or exemplified copy of which shall be conclusive evidence of the fact and the amount of Guarantor's indebtedness. TO THE EXTENT THAT GUARANTOR HAS OR HEREAFTER MAY ACQUIRE ANY IMMUNITY FROM JURISDICTION OF ANY OF THE ABOVE-NAMED COURTS OR FROM ANY LEGAL PROCESS THEREIN, GUARANTOR HEREBY IRREVOCABLY WAIVES SUCH IMMUNITY, AND GUARANTOR HEREBY IRREVOCABLY WAIVES AND AGREES NOT TO ASSERT, BY WAY OF MOTION, AS A DEFENSE, OR OTHERWISE, IN ANY LEGAL ACTION OR PROCEEDING BROUGHT HEREUNDER IN ANY OF THE ABOVE-NAMED COURTS (I) ANY CLAIM THAT IT IS NOT PERSONALLY SUBJECT TO THE JURISDICTION OF THE ABOVE-NAMED COURTS, (II) THAT IT OR ANY OF ITS PROPERTY IS IMMUNE FROM THE ABOVE DESCRIBED LEGAL PROCESS (WHETHER THROUGH SERVICE OR NOTICE, ATTACHMENT PRIOR TO JUDGMENT, ATTACHMENT IN AID OF EXECUTION, OR OTHERWISE), (III) THAT SUCH ACTION OR PROCEEDING IS BROUGHT IN AN INCONVENIENT FORUM, THAT VENUE FOR THE ACTION OR PROCEEDING IS IMPROPER OR THAT THE LOAN DOCUMENTS TO WHICH IT IS A PARTY MAY NOT BE ENFORCED IN OR BY SUCH COURTS, OR (IV) ANY DEFENSE THAT WOULD HINDER OR DELAY THE LEVY, EXECUTION OR COLLECTION OF ANY AMOUNT TO WHICH EITHER PARTY HERETO IS ENTITLED PURSUANT TO A FINAL JUDGMENT OF ANY COURT HAVING JURISDICTION. NOTHING IN THIS SECTION SHALL LIMIT ANY RIGHT OF LENDER TO BRING

ACTIONS, SUITS OR PROCEEDINGS IN THE COURTS OF ANY OTHER JURISDICTION. GUARANTOR EXPRESSLY ACKNOWLEDGES THAT THE FOREGOING WAIVER IS INTENDED TO BE IRREVOCABLE AND HEREBY WAIVES ANY RIGHT WHICH IT MAY HAVE TO REQUEST A TRIAL BY JURY IN ANY ACTION RELATING TO THE LOAN DOCUMENTS.

7. Notwithstanding any other provision of this Guaranty, the amount of the Indebtedness guaranteed shall be limited to the maximum amount as of any date used to determine the enforceability of this Guaranty, such that this Guaranty shall comply with, and not be subject to avoidance, invalidation, or otherwise impaired in any way under, 11 U.S.C. § 548 et seq., or any analogous federal, state, foreign, or other law affecting the rights of creditors after giving effect to all assets (including the benefits received as a result of the loan, subrogation, setoff, indemnification, and contribution) and liabilities of the Guarantor, contingent or otherwise.

8. **GUARANTOR AND LENDER EACH HEREBY WAIVES TRIAL BY JURY IN ACTION OR PROCEEDING TO WHICH GUARANTOR AND LENDER MAY BE PARTIES ARISING OUT OF OR IN ANY WAY PERTAINING TO THIS GUARANTY OR THE LOAN DOCUMENTS. GUARANTOR AND LENDER EACH AUTHORIZES THE OTHER TO FILE THIS PROVISION WITH THE CLERK OR JUDGE OF ANY COURT HEARING SUCH CLAIM. THIS WAIVER IS KNOWINGLY, WILLINGLY AND VOLUNTARILY MADE BY GUARANTOR AND GUARANTOR HEREBY ACKNOWLEDGES THAT NO REPRESENTATIONS OF FACT OR OPINION HAVE BEEN MADE BY ANY INDIVIDUAL TO INDUCE THIS WAIVER OF TRIAL BY JURY OR IN ANY WAY TO MODIFY OR NULLIFY ITS EFFECT. GUARANTOR FURTHER ACKNOWLEDGES THAT IT HAS BEEN REPRESENTED IN THE SIGNING OF THIS GUARANTY AND IN THE MAKING OF THIS WAIVER BY LEGAL COUNSEL, SELECTED OF ITS OWN FREE WILL, AND THAT IT HAS HAD THE OPPORTUNITY TO DISCUSS THIS WAIVER WITH COUNSEL.**

9. The obligations of Guarantor under this Guaranty may not be assigned or delegated without the prior written consent of Lender. This Guaranty shall inure to the benefit of Lender, its successors and assigns, and shall be binding upon the personal representatives, heirs, successors and permitted assigns of Guarantor. The Lender may assign this Guaranty and the other Loan Documents without Guarantor's approval or consent.

10. Any notice or other communication required or permitted under this Guaranty or necessary or convenient in connection with this Guaranty shall be sent by registered or certified mail, return receipt requested, or by international courier delivery service, and shall be deemed duly given upon actual receipt and shall be addressed as follows:

    If to Lender:                       JB&B Capital, LLC
                                                 109 S Northshore Drive
                                                 Knoxville, Tennessee 37919
                                                 Attention:

If to Guarantor:                SQRL Holdings, LLC
                                27 Rahling Circle
                                Suite C
                                Little Rock, Arkansas 72223

or to such address or addressee as either party from time to time shall designate by written notice to the other.

11. This Guaranty constitutes the entire agreement between the parties with respect to the subject matter hereof and supersedes all prior agreements, representations and understandings, if any, relating to the subject matter hereof, including, without limitation, any proposal that may have been presented by Lender to Guarantor. This Guaranty shall not be rescinded, amended or modified in any manner except by a document in writing executed by both parties. Any provision of this Guaranty which is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions hereof, and any such prohibition or unenforceability in any jurisdiction shall not invalidate or render unenforceable such provision in any other jurisdiction.

12. This Guaranty may be executed in any number of counterparts and by the different parties hereto on separate counterparts, each of which when so executed and delivered shall be an original, but all of which shall together constitute one and the same instrument, and all signatures need not appear on any one counterpart. Facsimile signatures and electronic signatures of the parties hereto shall be binding. Notwithstanding the foregoing, in the event Lender requests that Guarantor provide an originally executed copy of a document, Guarantor shall promptly provide the same, and upon Guarantor's failure to do so, Lender may declare the same to constitute an Event of Default hereunder or an Event of Default as defined in the other Loan Documents.

13. Guarantor shall, with reasonable promptness, provide to Lender all information and data with respect to Guarantor and/or any of its affiliates as from time-to-time may be required for Lender to comply with the USA Patriot Act, with the understanding that Lender may share information with the United States government for the purpose of identifying or reporting suspected terrorism or money laundering. The USA Patriot Act for purposes of this Loan Agreement means The USA Patriot Act (P.L. 107-56), as amended or modified from time to time, and the regulations promulgated thereunder

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, Guarantor has executed this Guaranty as of the 3rd day of January, 2024.

*DocuSigned by:*
*Joseph B. Smith*
A3EB439972E74A1...

SQRL Holdings, LLC
By: Joseph B. Smith
Its: Manager

State of Florida        )
County of _____   )

On this 3rd day of January, 2024, personally appeared Joseph B. Smith, Manager of SQRL Holdings, LLC, known to me to be the person whose name is subscribed to the foregoing Irrevocable Guaranty and acknowledged that he executed the same as his free act and deed.

IN WITNESS WHEREOF, I hereunto set my hand and Official Seal.

_____
Notary Public

# IRREVOCABLE GUARANTY

THIS IRREVOCABLE GUARANTY (this "Guaranty") is executed and delivered by Joseph B. Smith (the "Guarantor") in favor of JB&B Capital, LLC, its successors and assigns ("Lender"), in connection with that certain Aircraft Mortgage and Security Agreement of even date herewith by and between Lender and SQRL Aviation, LLC ("Borrower"), and the other Loan Documents (as defined in the Loan Agreement of even date herewith between Borrower and Lender), pursuant to which Borrower has borrowed or is to borrow certain funds from Lender relating to the refinancing of the following aircraft: one (1) Raytheon Model 390 aircraft bearing U.S. registration number N311SQ and manufacturer's serial number RB-005; which indebtedness is or is to be evidenced by a Promissory Note executed by Borrower (the Loan Agreement, the Promissory Note, the Aircraft Mortgage and Security Agreement and all other documents simultaneously herewith or hereafter executed pursuant thereto being herein collectively referred to as the "Loan Documents").  The right of recovery against the Guarantor is UNLIMITED.

Capitalized terms used but not otherwise defined herein or in any addenda hereto shall have the meanings ascribed to them in the Loan Documents.

In order to induce Lender to enter into the Loan Documents (execution and delivery hereof being a condition precedent to Lender's obligations under the Loan Documents), and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Guarantor hereby UNCONDITIONALLY GUARANTEES:

(a)  the prompt payment of all principal of and interest on the Promissory Note issued pursuant to the Loan Documents when due, whether by acceleration or otherwise;

(b)  the prompt performance by Borrower, and Guarantor of all of his, her or its covenants and agreements in the Loan Documents; and

(c)  the prompt payment at maturity by Borrower and Guarantor of any and all sums of money for which Borrower or any other party now is or may hereafter become indebted to Lender under any of the Loan Documents (collectively, the "Indebtedness").  The word "Indebtedness" as used in this Guaranty shall mean all of the principal amount outstanding from time to time and at any one or more times, accrued unpaid interest thereon, and all collection costs and legal expenses related thereto permitted by law, and reasonable attorneys' fees and expenses arising from any and all debts, liabilities and obligations of every nature or form, now existing or hereafter arising or acquired, that Borrower individually or collectively or interchangeably with others (including but not limited to the Guarantor), owes or will owe Lender under the Loan Documents.  "Indebtedness" also includes, without limitation, loans, advances (including, but not limited to, protective advances made by Lender), debts,  lease obligations, liabilities and obligations under any interest rate protection agreements or foreign currency exchange agreements or commodity price protection agreements, other obligations and liabilities of Borrower, or any one or more of them, under or related to the Loan Documents, and any present or future judgments against Borrower, or any one or more of them, relative to the Loan Documents, future advances, loans or transactions that renew, extend, modify, refinance,

consolidate or substitute these debts, liabilities and obligations whether voluntarily or involuntarily incurred; due or to become due by their terms or acceleration; absolute or contingent; liquidated or unliquidated; determined or undetermined; direct or indirect; primary or secondary in nature or arising from a guaranty or surety; secured or unsecured; joint or several or joint and several; evidenced by a negotiable or non-negotiable instrument or writing; originated by Lender and related to the Loan Documents; barred or unenforceable against Borrower for any reason whatsoever; for any transactions that may be voidable for any reason (such as infancy, insanity, ultra vires or otherwise); and originated then reduced or extinguished and then afterwards increased or reinstated. The definition of "Indebtedness" shall also include the amount of any payments made to Lender on behalf of Borrower (including payments resulting from liquidation of collateral) which are recovered from Lender by a trustee, receiver, creditor or other party pursuant to applicable federal or state law (the "Surrendered Payments"). "Indebtedness" shall also include any and all indebtedness, obligations and liabilities of every kind and nature, however created, arising or evidenced, of the Borrower to the Lender, whether now existing or hereafter created or arising, whether direct or indirect, absolute or contingent, joint or several, and howsoever owned, held or acquired, whether through discount, overdraft, purchase, direct loan or as collateral, or otherwise, together with all expenses, legal and/or otherwise (including court costs and attorney's fees) incurred by the Lender in collecting or endeavoring to collect such indebtedness or any part thereof, in protecting any collateral, and in enforcing this Guaranty. In the event that Lender makes any Surrendered Payments (including pursuant to a negotiated settlement), the Surrendered Payments shall immediately be reinstated as Indebtedness, regardless of whether Lender has surrendered or cancelled this Guaranty prior to returning the Surrendered Payments.

1. This Guaranty is a continuing and irrevocable one and shall terminate only upon full payment of all sums due under the Loan Documents and the performance of all of the terms, covenants and conditions therein required to be kept, observed or performed by Borrower, including any payment and performance under the Promissory Note executed pursuant to the Loan Documents, whether to be performed before or after the last payment has been made under the Loan Documents. This Guaranty is a guaranty of prompt payment and performance (and not merely a guaranty of collection).

2. Guarantor waives any right to require Lender to: (a) proceed against Borrower; (b) proceed against or exhaust any security held from Borrower; (c) pursue any other remedy in Lender's power whatsoever; or (d) notify Guarantor of any default by Borrower in the payment of any sums required to be paid pursuant to the Loan Documents or in the performance of any term, covenant or condition therein required to be kept, observed or performed by Borrower. Guarantor waives any defense arising by reason of any disability or other defense of Borrower, any lack of authority of Borrower with respect to the Loan Documents, the invalidity, illegality or lack of enforceability of the Loan Documents from any cause whatsoever, the failure of Lender to perfect or maintain perfection of any interest in any collateral, or the cessation from any cause whatsoever of the liability of Borrower. This Guaranty and Guarantor's payment obligations hereunder shall continue to be effective or be reinstated, as the case may be, if at any time payment of any of the Indebtedness is rescinded or must otherwise be restored or returned by Lender, all as though such payment had not been made. Lender's good faith determination as to whether a payment must be restored or returned shall be binding on Guarantor. Guarantor

agrees that the Indebtedness, whether now existing or hereafter created, shall be superior to any claim that Guarantor may now have or hereafter acquire against Borrower, whether or not Borrower becomes insolvent. Guarantor hereby expressly subordinates any claim Guarantor may have against Borrower, upon any account whatsoever, to any claim that Lender may now or hereafter have against Borrower. In the event of insolvency and consequent liquidation of the assets of Borrower, through bankruptcy, by an assignment for the benefit of creditors, by voluntary liquidation, or otherwise, the assets of Borrower applicable to the payment of the claims of both Lender and Guarantor shall be paid to Lender and shall be first applied by Lender to the Indebtedness. Guarantor does hereby assign to Lender all claims which he may have or acquire against Borrower or against any assignee or trustee in bankruptcy of Borrower; provided however, that such assignment shall be effective only for the purpose of assuring to Lender full payment in legal tender of the Indebtedness. If Lender so requests, any notes or credit agreements now or hereafter evidencing any debts or obligations of Borrower to Guarantor shall be marked with a legend that the same are subject to this Guaranty and shall be delivered to Lender. Guarantor agrees, and Lender is hereby authorized, in the name of Guarantor, from time to time to file financing statements and continuation statements and to execute documents and to take such other actions as Lender deems necessary or appropriate to perfect, preserve and enforce its rights under this Guaranty.

Notwithstanding any payment or performance by Guarantor pursuant to this Guaranty, Guarantor shall not be entitled to be subrogated to any rights of Lender against Borrower or any other guarantor of the Indebtedness prior to the time at which the Indebtedness is repaid and performed in full and all periods under applicable bankruptcy law for the contest of any payment by Guarantor or Borrower as a preferential or fraudulent payment have expired, and Guarantor knowingly and with the advice of counsel waives and releases all rights and claims to indemnification, reimbursement and contribution Guarantor now has or at any time hereafter may have against Borrower or Borrower's estate prior to the time at which the Indebtedness is repaid and performed in full and all periods under applicable bankruptcy law for the contest of any payment by Guarantor or Borrower as a preferential or fraudulent payment have expired, including, without limitation, any rights which may allow Borrower, Borrower's successors, a creditor of Borrower, or a trustee in bankruptcy of Borrower to claim in bankruptcy or any other similar proceedings that any payment made by Borrower or Borrower's successors and assigns to Lender was on behalf of or for the benefit of Guarantor and that such payment is recoverable by Borrower, a creditor or trustee in bankruptcy of Borrower as a preferential payment, fraudulent conveyance, payment of an insider or any other classification of payment which may otherwise be recoverable from Lender. Guarantor waives all presentments, demands for performance, notices of non-performance, protests, notices of dishonor, and notices of acceptance of this Guaranty.

    3.    Guarantor represents and warrants to Lender that:

    (a)    Guarantor is a natural citizen and resident of the State of Arkansas.

    (b)    Guarantor's trust's membership interests in the Borrower are validly issued for adequate consideration and are not subject to any lien or encumbrances.

(c) Guarantor has the authority to execute, deliver, and carry out the terms and provision of this Guaranty.

(d) The execution, delivery and performance hereof by Guarantor do not and will not contravene any law, governmental rule, regulation or order now binding on Guarantor, or contravene the provisions of, or constitute a default under, or result in the creation of any lien or encumbrance upon the property of Guarantor under, any indenture, mortgage, contract or other agreement to which Guarantor is a party or by which he or his property is bound.

(e) The financial statements and other financial information of Guarantor (copies of which have been furnished to Lender) fairly present Guarantor's financial condition as of the date of such statements, and since the date of such statements there has been no material adverse change in such condition.

(f) This Guaranty constitutes the legal, valid and binding obligation of Guarantor, (if more than one, jointly and severally) enforceable against Guarantor in accordance with the terms hereof, except to the extent that enforcement may be limited by any applicable bankruptcy, insolvency, reorganization, moratorium or other similar laws affecting creditors' rights generally and subject to the application or limitation of equitable principles by a court of competent jurisdiction.

(g) There are no pending actions or proceedings to which Guarantor is a party, and there are no other pending or threatened actions or proceedings of which Guarantor has knowledge, before any court, arbitrator or administrative agency, which, either individually or in the aggregate, would have a Material Adverse Effect. As used herein, "Material Adverse Effect" shall mean (1) a materially adverse effect on the business, condition (financial or otherwise), operations, performance or properties of Guarantor, or (2) a material impairment of the ability of Guarantor to perform his obligations under or to remain in compliance with this Guaranty.

(h) Guarantor acknowledges and agrees that he will enjoy a substantial economic benefit by virtue of the extension of credit by Lender to Borrower pursuant to the Loan Documents that are reasonably equivalent to the contingent guaranteed obligations hereunder.

(i) As of the date hereof, and after giving effect to this Guaranty, the benefits of the transactions, and the contingent obligations contained herein, (1) Guarantor is solvent and has assets that, when fairly valued, exceed his liabilities, (2) the present fair saleable value of Guarantor's assets is not less than the amount that will be required to pay his probable liability on his/her/its debts as they become absolute and matured, (3) Guarantor does not intend to, and does not believe that he will, incur debts or liabilities beyond his ability to pay as such debts and liabilities mature, (4) there is no intent to hinder, delay or defraud either present or future creditors or other interested persons, and (5) Guarantor is not engaged in a business or transaction, and is not about to engage in a

business or transaction, for which his property would constitute an unreasonably small capital amount.

4. Guarantor covenants and agrees that he will provide to Lender the financial statements specified in the Loan Agreement.

5. A default shall be deemed to have occurred hereunder ("Event of Default") if: (a) Guarantor shall fail to perform or observe any covenant, condition or agreement to be performed or observed by him hereunder; (b) a payment or other default by Guarantor shall occur under any loan, lease, guaranty or other financial obligation to Lender or its affiliates; (c) an inaccuracy shall exist in any representation, or breach of warranty by Guarantor (including any false or misleading representation or warranty) in any financial statement or Loan Document, including any omission of any contingent or unliquidated liability or claim against Guarantor; (d) the failure by Guarantor generally to pay his debts as they become due or his admission in writing of his inability to pay the same, or the commencement of any bankruptcy, insolvency, receivership or similar proceeding by or against Guarantor or any of his properties or business (unless, if involuntary, the proceeding is dismissed within sixty (60) days of the filing thereof) or the rejection of this Guaranty or any other Loan Document in any such proceeding; (e) Guarantor shall sell, transfer, or otherwise dispose of all or substantially all of his assets or property; (f) the occurrence of an Event of Default (as defined in the Loan Documents) with respect to Borrower, or any Guarantor under the Loan Documents, including, without limitation, by reason of a "change of control" with respect to Borrower or any guarantor in violation of the Loan Agreement; or (g) the Guarantor shall die.

Upon an Event of Default hereunder, Lender may, at its option, declare this Guaranty to be in default (without election of remedies), and at any time thereafter, may do any one or more of the following, all of which are hereby authorized by Guarantor:

A. declare the Loan Documents to be in default and thereafter sue for and recover all liquidated damages, accelerated payments and/or other sums otherwise recoverable from Borrower thereunder; and/or

B. sue for and recover all damages then or thereafter incurred by Lender as a result of such Event of Default; and/or

C. seek specific performance of Guarantor's obligations hereunder.

In addition, Guarantor shall be liable for all reasonable attorneys' fees and other costs and expenses incurred by reason of any Event of Default or the exercise of Lender's remedies hereunder and/or under the Loan Documents. No right or remedy referred to in this Section is intended to be exclusive, but each shall be cumulative, and shall be in addition to any other remedy referred to above or otherwise available at law or in equity and may be exercised concurrently or separately from time to time.

The failure of Lender to exercise the rights granted hereunder upon any Event of Default by Guarantor shall not constitute a waiver of any such right upon the continuation or reoccurrence of any such Event of Default.

The obligations of Guarantor hereunder are independent of the obligations of Borrower. A separate action or actions may be brought and prosecuted against Guarantor (or, if more than one, any or either thereof) whether an action is brought against Borrower or whether Borrower be joined in any such action or actions.

6.     Any legal action or proceeding against Guarantor with respect to this Guaranty or any other Loan Documents to which he is a party may be brought in such of the courts of competent jurisdiction of the State of Tennessee or in the United States District Court located in Knoxville, Tennessee as Lender or its respective successors and permitted assigns, as the case may be, may elect, and by execution and delivery of this Guaranty and the Loan Documents to which he is a party, Guarantor irrevocably submits to the exclusive jurisdiction of such courts, and to appellate courts therefrom, for purposes of legal actions and proceedings under this Guaranty and each Loan Document and, in the case of any such legal action or proceeding brought in the above-named Tennessee courts, hereby irrevocably consents, during such time, to the service of process out of any of the aforementioned courts in any such action or proceeding by the mailing of copies thereof by certified or registered mail, postage prepaid, to Guarantor at its address set forth above, or by any other means permitted by applicable law. The foregoing, however, shall not limit the rights of Lender to serve process in any other manner permitted by law or to bring any legal action or proceeding or to obtain execution of judgment in any jurisdiction. Guarantor further agrees that final judgment against Guarantor in any action or proceeding in connection with this Guaranty or any other Loan Documents to which he is a party shall be conclusive and may be enforced in any other jurisdiction within or outside the United States of America by suit on the judgment, a certified or exemplified copy of which shall be conclusive evidence of the fact and the amount of Guarantor's indebtedness. TO THE EXTENT THAT GUARANTOR HAS OR HEREAFTER MAY ACQUIRE ANY IMMUNITY FROM JURISDICTION OF ANY OF THE ABOVE-NAMED COURTS OR FROM ANY LEGAL PROCESS THEREIN, GUARANTOR HEREBY IRREVOCABLY WAIVES SUCH IMMUNITY, AND GUARANTOR HEREBY IRREVOCABLY WAIVES AND AGREES NOT TO ASSERT, BY WAY OF MOTION, AS A DEFENSE, OR OTHERWISE, IN ANY LEGAL ACTION OR PROCEEDING BROUGHT HEREUNDER IN ANY OF THE ABOVE-NAMED COURTS (I) ANY CLAIM THAT HE IS NOT PERSONALLY SUBJECT TO THE JURISDICTION OF THE ABOVE-NAMED COURTS, (II) THAT HE OR ANY OF HIS PROPERTY IS IMMUNE FROM THE ABOVE DESCRIBED LEGAL PROCESS (WHETHER THROUGH SERVICE OR NOTICE, ATTACHMENT PRIOR TO JUDGMENT, ATTACHMENT IN AID OF EXECUTION, OR OTHERWISE), (III) THAT SUCH ACTION OR PROCEEDING IS BROUGHT IN AN INCONVENIENT FORUM, THAT VENUE FOR THE ACTION OR PROCEEDING IS IMPROPER OR THAT THE LOAN DOCUMENTS TO WHICH HE IS A PARTY MAY NOT BE ENFORCED IN OR BY SUCH COURTS, OR (IV) ANY DEFENSE THAT WOULD HINDER OR DELAY THE LEVY, EXECUTION OR COLLECTION OF ANY AMOUNT TO WHICH EITHER PARTY HERETO IS ENTITLED PURSUANT TO A FINAL JUDGMENT OF ANY COURT HAVING JURISDICTION. NOTHING IN THIS SECTION SHALL LIMIT ANY RIGHT OF LENDER TO BRING

ACTIONS, SUITS OR PROCEEDINGS IN THE COURTS OF ANY OTHER JURISDICTION. GUARANTOR EXPRESSLY ACKNOWLEDGES THAT THE FOREGOING WAIVER IS INTENDED TO BE IRREVOCABLE AND HEREBY WAIVES ANY RIGHT WHICH HE MAY HAVE TO REQUEST A TRIAL BY JURY IN ANY ACTION RELATING TO THE LOAN DOCUMENTS.

7. Notwithstanding any other provision of this Guaranty, the amount of the Indebtedness guaranteed shall be limited to the maximum amount as of any date used to determine the enforceability of this Guaranty, such that this Guaranty shall comply with, and not be subject to avoidance, invalidation, or otherwise impaired in any way under, 11 U.S.C. § 548 et seq., or any analogous federal, state, foreign, or other law affecting the rights of creditors after giving effect to all assets (including the benefits received as a result of the loan, subrogation, setoff, indemnification, and contribution) and liabilities of the Guarantor, contingent or otherwise.

8. **GUARANTOR AND LENDER EACH HEREBY WAIVES TRIAL BY JURY IN ACTION OR PROCEEDING TO WHICH GUARANTOR AND LENDER MAY BE PARTIES ARISING OUT OF OR IN ANY WAY PERTAINING TO THIS GUARANTY OR THE LOAN DOCUMENTS. GUARANTOR AND LENDER EACH AUTHORIZES THE OTHER TO FILE THIS PROVISION WITH THE CLERK OR JUDGE OF ANY COURT HEARING SUCH CLAIM. THIS WAIVER IS KNOWINGLY, WILLINGLY AND VOLUNTARILY MADE BY GUARANTOR AND GUARANTOR HEREBY ACKNOWLEDGES THAT NO REPRESENTATIONS OF FACT OR OPINION HAVE BEEN MADE BY ANY INDIVIDUAL TO INDUCE THIS WAIVER OF TRIAL BY JURY OR IN ANY WAY TO MODIFY OR NULLIFY ITS EFFECT. GUARANTOR FURTHER ACKNOWLEDGES THAT HE HAS BEEN REPRESENTED IN THE SIGNING OF THIS GUARANTY AND IN THE MAKING OF THIS WAIVER BY LEGAL COUNSEL, SELECTED OF HIS OWN FREE WILL, AND THAT HE HAS HAD THE OPPORTUNITY TO DISCUSS THIS WAIVER WITH COUNSEL.**

9. The obligations of Guarantor under this Guaranty may not be assigned or delegated without the prior written consent of Lender. This Guaranty shall inure to the benefit of Lender, its successors and assigns, and shall be binding upon the personal representatives, heirs, successors and permitted assigns of Guarantor. The Lender may assign this Guaranty and the other Loan Documents without Guarantor's approval or consent.

10. Any notice or other communication required or permitted under this Guaranty or necessary or convenient in connection with this Guaranty shall be sent by registered or certified mail, return receipt requested, or by international courier delivery service, and shall be deemed duly given upon actual receipt and shall be addressed as follows:

    If to Lender:                     JB&B Capital, LLC
                                           109 S Northshore Drive
                                           Knoxville, Tennessee 37919
                                           Attention:

      If to Guarantor:        Joseph B. Smith
                                      27 Rahling Circle
                                      Suite C
                                      Little Rock, Arkansas 72223

or to such address or addressee as either party from time to time shall designate by written notice to the other.

        11.    This Guaranty constitutes the entire agreement between the parties with respect to the subject matter hereof and supersedes all prior agreements, representations and understandings, if any, relating to the subject matter hereof, including, without limitation, any proposal that may have been presented by Lender to Guarantor. This Guaranty shall not be rescinded, amended or modified in any manner except by a document in writing executed by both parties. Any provision of this Guaranty which is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions hereof, and any such prohibition or unenforceability in any jurisdiction shall not invalidate or render unenforceable such provision in any other jurisdiction.

        12.    This Guaranty may be executed in any number of counterparts and by the different parties hereto on separate counterparts, each of which when so executed and delivered shall be an original, but all of which shall together constitute one and the same instrument, and all signatures need not appear on any one counterpart. Facsimile signatures and electronic signatures of the parties hereto shall be binding. Notwithstanding the foregoing, in the event Lender requests that Guarantor provide an originally executed copy of a document, Guarantor shall promptly provide the same, and upon Guarantor's failure to do so, Lender may declare the same to constitute an Event of Default hereunder or an Event of Default as defined in the other Loan Documents.

        13.    Guarantor shall, with reasonable promptness, provide to Lender all information and data with respect to Guarantor and/or any of his affiliates as from time-to-time may be required for Lender to comply with the USA Patriot Act, with the understanding that Lender may share information with the United States government for the purpose of identifying or reporting suspected terrorism or money laundering. The USA Patriot Act for purposes of this Loan Agreement means The USA Patriot Act (P.L. 107-56), as amended or modified from time to time, and the regulations promulgated thereunder

                        [REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, Guarantor has executed this Guaranty as of the 3rd day of January, 2024.

                                                           DocuSigned by: *Joseph B. Smith*
                                                         A3EB439972E74A1...
                                              Joseph B. Smith

State of Florida                )
County of _____    )

On this  3rd  day of January, 2024, personally appeared Joseph B. Smith, known to me to be the person whose name is subscribed to the foregoing Irrevocable Guaranty and acknowledged that he executed the same as his free act and deed.

IN WITNESS WHEREOF, I hereunto set my hand and Official Seal.

                                                      Notary Public